# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIRGIL PAUL DICKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW M. SAUL, ) <br> Commissioner of Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-19-248-SM |

## MEMORANDUM OPINION AND ORDER

Virgil Paul Dickson (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Docs. 4, 14.

Plaintiff maintains he cannot perform the jobs identified at step five of the sequential evaluation process. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record will refer to its original pagination.

I.  **Administrative determination.**

   A.  **Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

   B.  **Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

**C. Relevant findings.**

**1. Administrative Law Judge's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 817-28; *see* 20 C.F.R. §§ 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity from the alleged onset date through the last-insured date;

(2) had the severe impairments of obesity, diabetes mellitus, degenerative disc disease, hypothyroidism, asthma, depression, and adjustment disorder;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity (RFC)[2] for sedentary work with additional restrictions;

(5) was unable to perform any past relevant work, but could perform jobs that exist in significant numbers in the national economy such as order clerk, document preparer, and touch-up screener; and thus

(6) was not disabled between the alleged onset date and the date last insured.

AR 819-28.

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

3

### 2. Appeals Council's findings.

Because Plaintiff's case had once been remanded by a federal district court for further consideration, *see Dickson v. Berryhill*, 2017 WL 4082688, at *1 (E.D. Okla. Sept. 15, 2017), and the Appeals Council did not assume jurisdiction of the case, the ALJ's decision is the Commissioner's final decision. *See* 20 C.F.R. § 404.984(a).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

B.  **Issues for judicial review.**

Plaintiff asserts he cannot perform the jobs identified by the ALJ at step five of the sequential evaluation process because those jobs require a GED reasoning level of two or three. Doc. 15, at 10-14.

## III. Analysis.

A.  **Step-five determination.**

At step five, the ALJ must "investigate and elicit a reasonable explanation for any conflict" between the Dictionary of Occupational Titles (DICOT) and a vocational expert's testimony. *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). Plaintiff contends the ALJ did not perform this duty. The court agrees that there was an apparent conflict between the VE's testimony and the DICOT on two of the three jobs identified by the VE and that the ALJ failed to investigate or explain the conflict. But the court also finds that there was no conflict between the VE's testimony and the DICOT on one of the jobs. Because that job exists in sufficient numbers in the national economy, the ALJ's error is harmless.

1.  **The RFC.**

The ALJ found Plaintiff was limited to "understand[ing], remember[ing] and apply[ing] simple, routine instructions and concentrate[ing] and persist[ing] for extended periods in order to complete simple work tasks with routine supervision." AR 822. The undersigned notes that the ALJ made two

specific RFC findings relevant here—that Plaintiff was "able to understand, remember, and apply simple, routine instructions" and that Plaintiff could "complete simple work tasks with routine supervision. *Id.* The Tenth Circuit has "not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions." *Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016). But, by listing the restrictions separately, it is clear the ALJ intended them as two distinct limitations. So, the undersigned will consider each limitation as it relates to Plaintiff's ability to perform the jobs identified by the ALJ.

### 2. Touch-up screener.

The ALJ found Plaintiff could perform the job of touch-up screener. AR 827. This position has a reasoning level of two. *See* DICOT § 726.684-110, 1991 WL 679616. The DICOT states that a job with a reasoning level of two requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and d]eal with problems involving a few concrete variables in or from standardized situations." DICOT App. C (Components of the Definition Trailer), § III, 1991 WL 688702.

The Tenth Circuit has indicated that a limitation to simple tasks is consistent with a reasoning level of two. *See, e.g., Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (stating that a limitation to simple and routine work tasks "appears more consistent" with a reasoning level of two

than with a reasoning level of three); *see also Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (holding that a limitation to simple, repetitive work was "consistent with the demands of level-two reasoning"); *Forssell v. Berryhill*, No. CIV-18-94-STE, 2018 WL 6440882, at *8 (W.D. Okla. Dec. 7, 2018) (finding Plaintiff's limitations of "performing simple, routine, and repetitive tasks" did not "inherently conflict with reasoning level two).[3] There is thus no conflict between performing simple work tasks and the ability to perform the job of touch-up screener, which requires a reasoning level of two.

Similarly, the court finds that a reasoning level of two does not conflict with a limitation to understanding, remembering, and applying simple, routine instructions. *See Ray v. Comm'r of Soc. Sec.*, 2019 WL 1474007, at *5 (W.D. Okla. Apr. 3, 2019) ("The court finds that, on its face, the description for a reasoning level of 2—the ability 'to carry out detailed but uninvolved written or oral instructions'—does not conflict with Plaintiff's RFC limitation to carrying 'out simple work-related instructions and tasks.'"); *Roth v. Colvin*,

---

[3] Plaintiff cites *Wiggins v. Colvin*, where court found that "Plaintiff's inability to understand, remember and carry out detailed, work-related tasks seems inconsistent with the demands of even level two reasoning." 2015 WL 5157492, at *3 (W.D. Okla. Sept. 2, 2015). *Wiggins* differs from this matter because in that case, the ALJ failed to include the limitation in the hypothetical to the VE. *Id.* The undersigned relies on *Hackett*, a published Tenth Circuit opinion, and finds *Stokes*, an unpublished Tenth Circuit opinion, more persuasive than *Wiggins* and the other district court cases on which Plaintiff relies.

7

2017 WL 394676, at *9 (W.D. Okla. Jan. 11, 2017) (finding that an RFC determination allowing a plaintiff to perform jobs with "simple[,] repetitive, routine instructions and work decisions" was "consistent with 'reasoning level 2'") *adopted*, 2017 WL 395215 (W.D. Okla. Jan. 27, 2017); *Goleman v. Colvin*, 2016 WL 3556958, at *4 (W.D. Okla. May 6, 2016) (where RFC limited claimant to "simple, routine, repetitive instructions," "[t]he ALJ properly relied on the jobs identified by the VE with a reasoning level of two.").

Because there was no conflict between the DICOT and the VE's testimony, the ALJ did not err in finding Plaintiff could perform the job of touch-up screener.

### 3. Order clerk and document preparer.

The ALJ also found Plaintiff could perform the jobs of order clerk and document preparer. AR 822. These jobs require a reasoning level of three. DICOT § 209.567-014, 1991 WL 671794 (order clerk); DICOT § 249.587-018, 1991 WL 672349 (document preparer). A reasoning level of three requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving several concrete variables in or from standardized situations." DICOT App. C (Components of the Definition Trailer), § III, 1991 WL 688702.

Being limited to simple work tasks with routine supervision appears incompatible with a reasoning level of three. *See Hackett*, 395 F.3d at 1176

8

(stating that a limitation to simple and routine work tasks "appears more consistent" with a reasoning level of two than with a reasoning level of three); *see also Cain v. Berryhill*, 2018 WL 1247876, at *3 (N.D. Okla. Mar. 9, 2018) (finding an apparent conflict between VE's testimony concerning jobs with a reasoning level of three and claimant's RFC of simple, routine, and repetitive tasks which required reversal and remand to the ALJ to resolve the conflict). As a result, an apparent unaddressed conflict exists between the VE's testimony and the DICOT.

The limitation to understanding, remembering, and applying simple, routine instructions also appears to be inconsistent with work requiring a reasoning level of three. The Tenth Circuit has held that a VE's testimony "clearly was not" consistent with the DICOT where the ALJ assessed a "limitation to understanding, remembering, and carrying out simple instructions" and the VE testified the claimant could perform a job requiring a reasoning level of three. *Paulek*, 662 F. App'x at 594; *see also Hilliard v. Berryhill*, 2018 WL 1221485, at *3 (W.D. Okla. Mar. 8, 2018) (finding "the VE's testimony does not provide substantial evidence" where "the ALJ did not investigate and elicit a reasonable explanation" when the ALJ found the claimant could perform a job with a reasoning level of three and was limited to performing simple instructions).

9

The Commissioner asserts the GED reasoning levels "equate to educational attainment, not the simplicity or complexity of an occupation." Doc. 19, at 7. As a result, the argument continues that the VE understandably "saw no inconsistency between her responses and the [DICOT]." *Id.* In support of this argument, the Commissioner cites unpublished cases which relate a GED reasoning level to an individual's educational background. *Id.* at 8 (citing *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013) and *Mounts v. Astrue*, 479 F. App'x 860, 868 (10th Cir. 2012)). This Court has repeatedly rejected this argument. *See Clark v. Colvin*, 2016 WL 1171153, at *6 (W.D. Okla. Feb. 26, 2016) ("The undersigned declines to conclude, as urged by the Commissioner, that GED reasoning levels can be disregarded when addressing the mental demands of jobs listed in the [DICOT]." (quotation omitted)), *adopted by* 2016 WL 1178807 (W.D. Okla. Mar. 23, 2016); *see also Stevens v. Comm'r of Soc. Sec.*, 2019 WL 2476750 (W.D. Okla. June 13, 2019). And, "to the extent it might be said that *Anderson* and *Mounts* differ from *Hackett*, the Court is compelled to follow the Tenth Circuit's published decision in *Hackett*." *Cain*, 2018 WL 1247876, at *4 (citation omitted); *see also Farris v. Berryhill*, 2017 WL 2303531, at *1, *6-7 (W.D. Okla. May 25, 2017) (adopting the magistrate judge's rejection of the Commissioner's reliance on *Anderson* and *Mounts* and finding, under *Hackett*, the ALJ erred in limiting plaintiff to

10

"simple and routine" tasks but finding he could perform a job with a reasoning level of three without "addressing such conflict in the decision").

The Commissioner also asks the court to accept the reasoning from a district court case addressing this issue. In *Rom v. Colvin*, the court found that "while reasoning level one seems to be the closest match to the ALJ's RFC, reasoning level is not the only measure in the DOT of the complexity of a job." 2016 WL 3528059, at *3 (N.D. Okla. June 23, 2016) (finding that the VE's identification of SVP rating and DOT occupational code showed that the jobs were "not clearly beyond Plaintiff's RFC so as to require remand for further consideration").[4] The court does not find *Rom* persuasive given the controlling *Hackett* precedent, which dictates a different result. *See Carolyn J. S. v. Saul*, 2019 WL 2523575 (noting agreement with *Rom*'s reasoning, but finding that such agreement did "not justify ignoring the precedent of *Hackett*"); *Cotton v. Comm'r of Soc. Sec. Admin.*, 340 F. Supp. 3d 1187, 1193 (E.D. Okla. 2018) (differentiating *Rom* by stating "[b]ut here, the ALJ failed to ask the VE to reconcile this conflict or clarify how the DOT could be applied to the claimant's mental limitations, which is in violation of this Circuit's holding in *Haddock*").

Given the apparent conflict between both aspects of the RFC and the DICOT, the relevant inquiry is whether the ALJ elicited a reasonable

---

[4] Plaintiff also cites *Worman v. Saul*, a district court case adopting *Rom*'s reasoning. CIV-18-776-P (W.D. Okla. July 9, 2019).

11

explanation for the conflict and whether he explained how he resolved the conflict. *See* SSR 00-4p, 2000 WL 1898704, at *4. The ALJ asked the VE if her testimony was consistent with the DICOT. AR 861. Although the VE identified specific portions of her testimony about topics not addressed by the DICOT, she did not reference the limitation to understanding, remembering, and applying simple and routine instructions or to completing simple work tasks with routine supervision.[5] *Id.* at 861-62. The ALJ referenced the VE's testimony and stated:

> Pursuant to SSR 00-4, I have determined that the [VE's] testimony is consistent with the information contained in the [DICOT], except that the DOT does not address the sit/stand. She testified for that portion of her testimony, she relied on her own experience as a supplement to the DOT. I am satisfied this is a reasonable explanation that resolves the conflict between that portion of her testimony and the DOT.

*Id.* at 827.

In a separate portion of the decision not referenced by the parties, the ALJ noted Plaintiff's written objections in a Post Hearing Memo. *Id.* at 827.

---

[5] The VE also testified as follows:

> The document preparer job, I should've added this when we were talking about if it was consistent with the [DICOT]. It is not performed today normally as it is described. It is really just getting documents ready to move into the scanner. They're taking out the staples, arranging the papers. It's actually a simpler job than it used to be.

AR 862. Neither party referenced this statement in their briefs.

12

In those objections, Plaintiff argued: "In hypothetical 1, the jobs given of touch up screener have a reasoning level of 2 and the other two have a reasoning level of 3, all three jobs given have a ONET SVP level of 4-6, this is all outside the hypothetical." *Id.* at 1039. In response to this objection, the ALJ stated: "I overrule [Plaintiff's] objections on reasoning level as the [SSA] recognizes that unskilled work corresponds to an SVP of 1 to 2, (20 CFR 416.968), and the [VE] testified that she looked to occupations with an SVP of 1 or 2 in consideration of the limitation to simple routine tasks." *Id.* at 827.

Plaintiff asserts that the reasoning levels of the jobs the VE testified Plaintiff could perform were inconsistent with the hypothetical. So, Plaintiff arguably raised the conflict between the DICOT and the VE's testimony at the hearing level. Although the ALJ's response would appear to be an explanation that no conflict existed, the reasoning given—that the VE looked to occupations with an SVP of 1 or 2 in consideration of the limitations— is not supported by the hearing transcript. The closest the VE came to offering such testimony was to state that each job Plaintiff could perform had an SVP of 2. *Id.* at 860. Thus, the VE did not directly link the consideration of occupations with an SVP of 1 or 2 to Plaintiff's limitations as the decision alludes. To the extent that the ALJ tried to explain the apparent conflict between the DICOT and the VE's testimony, that explanation is not supported by substantial evidence because his reasoning is based on a misstatement of the record.

Because the ALJ did not properly investigate or explain the conflict between the DICOT and the VE's testimony, the ALJ erred in finding that Plaintiff could perform the jobs of order clerk and document scanner.

### 4. Harmless error.

Despite the ALJ's error, the court find harmless error precludes the need for remand. Harmless error "requires 'the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.'" *Evans v. Colvin*, 640 F. App'x 731, 734 (10th Cir. 2016) (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992)). There is "no bright-line answer to how many jobs are enough for a court to say, as a matter of law, that the number is significant." *Id.* at 736 (citing *Trimiar*).

As noted above, the ALJ properly found Plaintiff could perform the job of touch-up screener. AR 827. The VE testified there are 40,000 touch-up screener jobs in the national economy, AR 860, which the court finds amounts to a significant number of jobs. *See Washington v. Saul*, No. 18-1286-EFM, 2019 WL 4080925, at *4 (D. Kan. Aug. 29, 2019) (finding harmless error because "[t]here is no doubt that 53,000 is a significant number of available jobs"); *Sly v. Berryhill*, 2018 WL 1954836, at *3 (W.D. Okla. Apr. 25, 2018) (finding harmless error where "the Court has no difficulty concluding that

14

32,000 jobs is a significant number for purposes of step 5 of the sequential process"); *Breslin v. Colvin*, No. CIV-15-100-SPS, 2016 WL 5408126, at *4 (E.D. Okla. Sept. 28, 2016) ("Here there is no need for reversal because the Court is persuaded that 54,000 jobs available nationally for the conveyor line baker worker is significant."); *Fox v. Colvin*, 2015 WL 5178414, at *4 (W.D. Okla. Sept. 3, 2015) (finding that "the ALJ's error in failing to reconcile the conflict between the DOT" and two of the "VE's recommended positions . . . was harmless" where there were 32,000 jobs available in the national economy in one position); *see also Brownrigg v. Berryhill*, 688 F. App'x 542, 550 (10th Cir. 2017) ("[W]hen considering whether a significant number of jobs exist, 'the relevant test is *either* jobs in the regional economy *or* jobs in the national economy.'") (quoting *Raymond v. Astrue*, 621 F.3d 1268, 1274-75 n.2 (10th Cir. 2009)); *cf. Houston v. Saul*, 2019 WL 4346133, at *10 (D.N.M. Sept. 12, 2019) (concluding 8,591 does not amount to "an incontrovertibly significant number of available jobs" and noting "the Tenth Circuit implied that 11,000 nationally available jobs constituted a significant number") (citing dicta in *Rogers v. Astrue*, 312 F. App'x 138 (10th Cir. 2006)). *But cf. Evans*, 640 F. App'x at 736 ("[T]he lowest number of [nationally available] jobs we have considered . . . to be sufficient so far for application of harmless error" is "somewhere between 100 . . . and 152,000 . . . .")

Because the court finds there are a significant number of touch-up-screener jobs in the national economy, the error is harmless. *See, e.g., id.* ("[W]e have held an ALJ's erroneous inclusion of some jobs to be harmless error where there remained a significant number of other jobs in the national economy.").

## IV. Conclusion.

Based on the above, the court affirms the Commissioner's decision.

**ENTERED** this 1st day of November, 2019.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE